IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 8 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| CODY MAYFIELD, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-777-A |
| | § | (NO. 4:11-CR-035-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND
ORDER

Came on for consideration the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by movant, Cody Mayfield. Having considered the motion, the court concludes that it should be dismissed.

I.

Background

On May 5, 2011, movant pleaded guilty to one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). On August 19, 2011, the court sentenced movant to a term of imprisonment of 188 months. Movant did not appeal.

On April 4, 2012, movant filed his first motion pursuant to 28 U.S.C. § 2255 in Civil Case No. 4:12-CV-211-A, alleging claims

1

of ineffective assistance of counsel. The court set the motion for hearing; however, on October 11, 2012, prior to the date of the hearing, movant sent a letter to the undersigned's chambers asking to withdraw the § 2255 motion because of the illness of movant's father. On October 12, 2012, movant's court-appointed counsel filed a motion to withdraw the § 2255 motion, which was also signed by movant. On October 12, 2012, the court dismissed movant's § 2255 motion without prejudice.

On May 13, 2013, movant filed another § 2255 motion in Civil Case No. 4:13-CV-393-A, raising the same claims of ineffective assistance of counsel as in the prior motion. Again, the court set the matter for hearing.[1] On the day of the hearing, as the court prepared to administer the oath to witnesses who were to testify, movant's court-appointed counsel informed the court that movant no longer wished to pursue his § 2255 motion, "even though he knew that he would be prevented from filing another motion under § 2255." June 25, 2013 Order at 1. The court questioned movant concerning his wish to withdraw the motion, and thereafter dismissed the § 2255 motion with prejudice.

Movant has now filed yet another motion pursuant to § 2255. In the instant motion, movant contends that his prior state-court drug convictions fail to support the enhancement of his sentence

---

[1]The government filed a motion to dismiss, which the court denied.

2

as a career offender under § 4B1.1 of the United States Sentencing Guidelines.

## II.

## Analysis

A. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

AEDPA serves a "gatekeeper" function by limiting the circumstances under which a prisoner may file a second or successive application for post-conviction relief. See 28 U.S.C. § 2244(b). Generally, to proceed with a successive motion, the movant must show that it is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The instant motion makes movant's third motion under § 2255. Because movant withdrew the motions in Case Nos. 4:12-CV-211-A and 4:13-CV-393-A, the court must consider whether such motions count against movant for purposes of AEDPA's limitation on successive motions, prior to any determination of whether movant meets the requirements of § 2255(h).

3

B.  <u>Movant's First Two Motions are § 2255 Motions</u>

Since movant withdrew his first two motions filed in Case Nos. 4:12-CV-211-A and 4:13-CV-393-A, the threshold issue for the court to resolve is whether either, or both, of such motions should be considered a true § 2255 motion, with the consequence of requiring the court to then consider whether the instant motion is second or successive.

Courts generally consider the circumstances surrounding a prisoner's decision to dismiss or withdraw a § 2255 motion in determining whether that motion may subject the movant to AEDPA's successive requirements, with a

> division between cases in which the [prisoner] withdraws his petition before he has any reason to think it is going to be denied (maybe he realizes that because of lack of legal assistance he cannot articulate his legal claim) and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied.

Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000).

For example, in <u>Potts</u>, the court counted a withdrawn motion as a first motion pursuant to § 2255 where the movant was represented by counsel and only filed a motion to dismiss after receiving the government's response in opposition. Id. at 770-71. Likewise, a withdrawn § 2255 motion was considered "an admission of defeat," and counted as a first § 2255 motion under AEDPA, where the prisoner was represented by counsel in filing

4

his motion, the court had already set the motion for an evidentiary hearing, and the withdrawal came when counsel realized that the prisoner would be unable to sustain his burden of proof during the evidentiary hearing. Felder v. McVicar, 113 F.3d 696, 697-98 (7th Cir. 1997). Other courts have considered a withdrawn § 2255 motion as a first such motion when it was adjudicated on the merits or dismissed with prejudice. See Thai v. United States, 391 F.3d 491, 495 (2nd Cir. 2004) (discussing cases).

In contrast, courts typically do not count a motion when it is dismissed as procedurally defective, or where the prisoner moves to withdraw the motion before being apprised of the government's position. See, e.g., Garrett v. United States, 178 F.3d 940, 943 (7th Cir. 1999). The key principle is that "a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." Potts, 210 F.3d at 770.

Movant's circumstances are analogous to Potts and Felder. Here, after consideration of movant's first § 2255 motion, the court appointed counsel to represent movant and set the matter for hearing. Prior to the hearing, but after receipt of the government's response, movant moved to withdraw his claim. In addition to the letter filed by movant, movant's counsel also filed a motion to withdraw in which he indicated that movant

5

"wishes to abandon his Motion on the basis that he does not believe he can prevail on the Motion." Mot. to Withdraw Mot. Under 28 U.S.C. § 2255 at 2, United States of America v. Cody Mayfield, No. 4:12-CV-211-A (N.D. Tex. Oct. 12, 2012). As described in Potts and Felder, movant and his counsel had an opportunity to review the government's response, and counsel indicated that movant believed he could not prevail on the merits. Accordingly, the court concludes that the motion filed in Case No. 4:12-CV-211-A was movant's first habeas motion as contemplated by AEDPA.

The court further concludes that movant's motion in Case No. 4:13-CV-393-A should likewise "count" as a § 2255 motion for purposes of AEDPA. Again, in Case No. 4:13-CV-393-A, the court appointed counsel to represent movant, and set the matter for an evidentiary hearing. The case proceeded to the point where the court was preparing to administer the oath to the witnesses who would testify at the hearing, when counsel informed the court that movant wished to withdraw the motion "even though he knew that he would be prevented from filing another motion under § 2255." June 25, 2013 Order at 1, United States of America v. Cody Mayfield, No. 4:13-CV-393-A (N.D. Tex. June 25, 2013). The court questioned movant and was satisfied that "movant [did] wish to have his motion dismissed and that he has full knowledge and

6

appreciation of the consequences of such a dismissal." Id. The court then dismissed the motion with prejudice.

Under these circumstances, the court concludes that the motion in Case No. 4:13-CV-393-A was a § 2255 motion under AEDPA. Thus, movant has had at least "one unencumbered opportunity to receive a decision on the merits." Potts, 210 F.3d at 770.

C. The Instant Motion is Successive

Having determined that movant has filed at least one previous motion pursuant to § 2255, the court must now consider if the instant motion is successive. A motion pursuant to § 2255 is not successive merely because it numerically follows a previously-filed motion. Rather, a "successive" motion under § 2255 is one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (citation omitted). A motion under § 2255 that attacks the same judgment attacked in a previous such motion is generally considered successive and must meet the requirements of § 2244(b). Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009).

These factors support a determination that the instant motion is successive under § 2255. The instant motion attacks

7

the same judgment as both of movant's previous § 2255 motions: the 188-month sentence imposed in movant's criminal case. And movant could have, but failed, to challenge application of the career offender enhancement in either of his previous § 2255 motions. Accordingly, the court concludes that the instant action is a successive habeas motion as contemplated by 28 U.S.C. §§ 2255(h) and 2244(b).

In an attempt to avoid the "second or successive" barrier, movant contends that the claim asserted in the instant motion only became available to him following a recent district court opinion from the Southern District of Texas, United States v. Flores-Alcorta, 998 F. Supp. 2d 537 (S.D. Tex. 2014), that movant argues invalidated the state-court judgments used to enhance his sentence as a career offender. Movant's reliance on Flores-Alcorta is unavailing. Flores-Alcorta addressed the particular facts and circumstances pertaining to a single defendant and that defendant's prior state-court convictions. Flores-Alcorta is not binding precedent on this court and does not represent a general rule of law applicable to movant's state-court convictions.

A federal prisoner seeking to file a second or successive motion under § 2255 must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

8

Movant has neither alleged nor shown that he has obtained such an order from the United States Court of Appeals for the Fifth Circuit. The court thus lacks jurisdiction to consider the instant motion.

D. The Motion is Untimely

Even if the court were to conclude that the instant motion was not a successive § 2255 motion, jurisdiction is still lacking to consider the motion because it is untimely. A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f).[2] Movant's judgment of conviction became final in August 2011; the instant motion, filed more than three years later, is untimely. Movant, however, contends that the instant motion is timely because it was filed within one year of the February 2014

---

[2] Section 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

9

decision in <u>Flores-Alcorta</u>. As discussed above, <u>Flores-Alcorta</u> is inapplicable to movant's criminal case, and so does not render the instant motion timely under § 2255(f).

III.

<u>Order</u>

Therefore,

The court ORDERS that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Cody Mayfield be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 8, 2014.

_____
JOHN McBRYDE
United States District Judge